UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

SAMUEL R. HAMPTON, )
)
                    Petitioner, )
      vs. ) 1:10-cv-1025-WTL-TAB
)
JAMES BASINGER, )
)
                    Respondent. )

**Entry Discussing Petition for a Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Samuel Hampton for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for a Writ of Habeas Corpus**

**I. Nature of the Case**

Hampton seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

**II. Parties**

Hampton is confined at a state prison in Indiana. The respondent is Hampton's custodian, sued in his official capacity as a representative of the State of Indiana.

**III. Procedural Background**

Hampton was charged on February 22, 2008, with Count I, child molesting as a class A felony, and with Count II, child molesting as a class C felony. At a bench trial held on May 8, 2009, Hampton was found guilty of Count I, child molesting as a class A felony. A directed verdict dismissing Count II was issued at the close of the State's case-in-chief. Hampton is now serving the 20-year sentence imposed based on his conviction of Count I. His conviction was affirmed on appeal in *Hampton v. State,* 921 N.E.2d 27, 28 (Ind.Ct.App. 2010). The filing of the present action followed the completion of Hampton's direct appeal.

## IV. Statement of Facts and Claims

Hampton's claim in this habeas action is that the Indiana Court of Appeals' adjudication of his challenge to the sufficiency of the evidence supporting his conviction for one count of class A felony child molesting.

The Indiana Court of Appeals set forth the facts of Hampton's offense as follows:

> Around Christmas in 2007, six-year-old J.B. was visiting at the home of J.B.'s great aunt, Renita Glasco, and Hampton, who was Glasco's boyfriend. At some point during that visit, while Glasco was sleeping on the couch in the home's living room, J.B. went from the living room into a bedroom where Hampton, who was forty-seven years old, was laying on the bed wearing a t-shirt and boxer shorts. After J.B. joined Hampton on the bed, Hampton pulled down J.B.'s underwear. Hampton then "put his penis inside [J.B.'s] butt." Transcript at 14. Hampton's penis felt "hard and greasy," and Hampton "was shaking it." Id. at 14-15. When Hampton's penis touched J.B., it made J.B. feel "[n]asty." Id. at 15. Also around Christmas, J.B. told her mother ("Mother") that "her behind kind of hurt [ ] her." Id. at 39.
>
> On January 12, 2008, J.B. "came out [of] the blue" and told Mother that "she had secrets to tell [her]." Id. at 33. J.B. told Mother that Hampton had touched her. Mother then called the police.

*Hampton,* 921 N.E.2d at 28.

## V. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Hampton filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

Hampton's sole claim is that there was insufficient evidence to support his conviction. A federal court evaluating the sufficiency of evidence supporting a conviction must construe that evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *McFowler v. Jaimet,* 349 F.3d 436, 446 (7th Cir. 2003) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The relevant inquiry for a federal habeas court reviewing a sufficiency of evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319; *Brumley v. Detella*, 83 F.3d 856, 862 (7th Cir. 1996). A petitioner is only "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Cabrera v. Hinsley,* 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson,* 443 U.S. at 324). Under the AEDPA, federal review of a challenge to the sufficiency of the evidence "turns on whether the state court

provided fair process and engaged in reasoned, good-faith decision-making when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds, Gomez v. DeTella,* 522 U.S. 801 (1997).

## VI. Analysis

Hampton argues that there "wasn't any evidence ever found to connect Hampton to the horrible crime and conviction." He supports this argument with his observation that there was no medical evidence to corroborate the victim's testimony and that the victim should otherwise be found lacking in credibility. Indiana law does not require forensic corroboration in a case such as this. Instead, under Indiana law a conviction for child molesting may rest upon the uncorroborated testimony of the victim. *Baxter v. State,* 522 N.E.2d 362, 365 (Ind. 1988). The Indiana Court of Appeals acknowledged Hampton's argument that there was a lack of circumstantial evidence, but concluded that the testimony of the 7-year old victim "was not so incredibly dubious or inherently improbable that no reasonable person could believe it." *Hampton,* 921 N.E.2d at 29. The Court of Appeals also noted the trial court's observation that "the victim in this case is very credible, very articulate, mature young lady who gave explicit details of what this Defendant did to her . . . ." *Id.* Contrary to Hampton's persistent but bald assertion that there was no evidence connecting him to the crime, the evidence connecting Hampton to the crime was that he and J.B. were in the same room, that J.B. was aware of who Hampton was (the long-time boyfriend of J.B.'s great aunt, Renita Glasco), that Hampton was known to J.B. as "Sam," that Hampton was wearing a t-shirt and boxer shorts, and that Hampton had placed his penis in her butt. All of this testimony was consistent with information that surfaced just weeks after the incident occurred. The Court of Appeals "conclude[d] that the State presented evidence of probative value from which a reasonable jury could have found Hampton guilty of child molesting as a class A felony." *Id.*

The Indiana Court of Appeals' discussion of the evidence provided both Hampton and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* "no rational trier of fact" test. This determination that the evidence was sufficient did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Hampton is not entitled to relief based on this claim.

Hampton also argues that the trial court wrongfully excluded the report of a medical examination which indicated that there "wasn't any evidence found on [the] victim." This report is identified in Hampton's habeas filings as "NCIC Exhibit G." He clarifies this contention by stating that the State of Indiana had this report but failed to "bring it before the judge at trial." Somewhat at odds with this statement, however, Hampton states that the trial court ignored the medical report and failed to include it in the record on appeal.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.,* the record before the state court. *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398–1401 (2011).

Thus, the medical report, if not admitted or offered at trial, cannot be admitted here. That does not change the fact that Hampton has submitted the report several times during the course of this habeas case, but means that the court cannot consider that report in resolving his challenge to the sufficiency of the evidence. This is of minimal significance, however, because at trial Detective Genae Gerhing testified that (a) J.B. had undergone a sexual assault examination, and (b) the result of that examination was that there was no evidence of molestation. (Trial Record, at p. 61.)

## VII. Conclusion

This court has carefully reviewed the state record in light of Hampton's claim and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Hampton to relief in this case. Under the standard established by *Jackson,* and considering the limited review under the AEDPA, Hampton's petition for a writ of habeas corpus [1] is therefore **denied.** Hampton's ancillary motion to compel verification [66] and his motion to compel the state court to provide an additional record [70] are each **denied.**

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Hampton has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/19/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana